UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANICE BROOKINS,<br><br>    Plaintiff,<br><br>v.<br><br>JO ANNE B. BARNHART,<br>COMMISSIONER OF THE SOCIAL<br>SECURITY ADMINISTRATION,<br><br>    Defendant. | Case No. CV 05-367 AN<br><br>MEMORANDUM AND ORDER |

## I. INTRODUCTION

Pursuant to 42 U.S.C. § 405(g), Plaintiff is seeking judicial review of the final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her claims for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI") pursuant to Titles II and XVI of the Social Security Act ("Act"). Both parties have consented to proceed before the undersigned Magistrate Judge. In accordance with the Court's Case Management Order, the parties have filed a joint stipulation and request for an order summarily deciding the issues concerning remand and/or immediate payment of benefits ("JS"). For the reasons stated below, Plaintiff's request for an order remanding the case for further proceedings pursuant to Sentence Four is granted, and the Commissioner's request for an order affirming her final decision is denied.

Page 1

The relevant background facts are familiar to both parties and Plaintiff has stipulated that the decision of the Administrative Law Judge ("ALJ") fairly and accurately summarizes the hearing testimony and medical evidence in the record except as noted in her contentions.

In the JS, Plaintiff contends that the ALJ erred by: (1) failing to properly assess her residual functional capacity, and (2) finding that Plaintiff's mental impairment was not severe. The Commissioner disagrees.

Plaintiff's Mental Impairment

The ALJ found that Plaintiff suffers from medically determinable impairments, including a depressive disorder. [Administrative Record ("AR") at 32, 36.] Although the ALJ found that Plaintiff's impairments in combination were severe, he found that her depressive disorder was not associated with any work-related limitations. [AR at 32.] In particular, the ALJ found that Plaintiff had no restrictions in activities of daily living, mild restrictions in social functioning, mild deficiencies in concentration, persistence, or pace, and no documented episodes of deterioration or decompensation. [AR at 32.] Based on this evaluation, the ALJ determined that Plaintiff's mental impairment, standing alone, was not severe. [AR at 32, 36.] Plaintiff contends that the ALJ's evaluation of her mental impairment is not supported by substantial evidence. The Court agrees with Plaintiff.

Plaintiff has received regular treatment for mental health problems from J. P. Bustamante, M.D. and other physicians at Kaiser Permanente during the relevant period at issue in this case.[1] [AR at 492-99, 515.] Plaintiff was diagnosed as suffering from major depression and severe anxiety. [AR at 496-97, 515.] Although Plaintiff was generally friendly and cooperative, she often presented with a moderately depressed

---

[1] Plaintiff originally filed previous applications for DIB and SSI on September 16, 1996. [AR at 28.] These applications were denied on March 27, 1998, following an administrative hearing. [AR at 28, 393-406.] Thus, although Plaintiff has been receiving mental health treatment from Kaiser Permanente since 1995, the relevant period in this case is March 28, 1998 through the date of the ALJ's decision. [AR at 29.]

1  mood. [AR at 492, 495-97, 499.] She also displayed signs of anxiety, memory loss and
2  some obsessional thinking. [AR at 496, 515.] Plaintiff underwent psychotherapy and
3  was prescribed medication for depression (Trazodone, Mellaril and Prozac). [AR at 492,
4  496, 515.] On May 26, 2000, Dr. Bustamante opined that Plaintiff was not able to be
5  gainfully employed, due to recurrent depression and anxiety. [AR at 515.]

6        The ALJ rejected Dr. Bustamante's opinion. [AR at 34.] In so doing, the ALJ
7  credited the opinion of the examining psychiatrist, E. Richard Dorsey, M.D. [AR at 31-
8  32, 517-21.] Dr. Dorsey found that Plaintiff has a depressive disorder, NOS, which is
9  associated with a "slight" impairment in the ability to interact with coworkers and the
10 public and a "slight" impairment in the ability to deal with the usual stressors encountered
11 in competitive work, but that Plaintiff is not limited in her ability to perform simple,
12 repetitive or complex tasks, maintain regular attendance in the work place, complete a
13 normal workday and work week without interruption from a mental condition, perform
14 work activities on a consistent basis without special or additional supervision, and accept
15 instructions from supervisors. [AR at 521.]

16       It was within the province of the ALJ to resolve conflicts in the medical evidence.
17 *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995). However, the ALJ's findings
18 must still be based on substantial evidence supported by the record as a whole. 42 U.S.C.
19 § 405(g); *see also Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). Here, the
20 opinion of Plaintiff's treating physician, Dr. Bustamante, is entitled to special weight
21 because he was employed to cure and had a greater opportunity to know and observe
22 Plaintiff as an individual. *Sprague v. Bowen*, 812 F.2d 1226, 1230 (9th Cir.1987).
23 Therefore, the ALJ was required to provide specific, legitimate reasons before rejecting
24 Dr. Bustamante's opinion. *See Lester v. Chater*, 81 F.3d 821, 831 (9th Cir. 1996).

25       In the decision, the ALJ criticized Dr. Bustamante's opinion as conclusory and
26 unsupported by his own treatment notes. [AR at 34.] These reasons are contrary to the
27 evidence of record. While Dr. Bustamante's chart notes are relatively brief, it is clear that
28 he examined Plaintiff on multiple occasions, made clinical findings, diagnosed Plaintiff's

impairments, and prescribed anti-depressant medications. [AR at 492-499, 515]; *see also Sprague*, 812 F.2d at 1232 (explaining that when a treating physician diagnosed claimant with depression, set forth clinical observations supporting the diagnosis, and prescribed psychotherapeutic drugs, ALJ erred in finding claimant had not set forth sufficient evidence to substantiate mental impairment); *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)("[t]o say that medical opinions are not supported by sufficient objective findings . . . does not achieve the level of specificity our prior cases have required . . . ."). If the ALJ questioned the objective basis for Dr. Bustamante's opinion, he should have inquired further. *See, e.g., Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996); *see also Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983) (ALJ's duty to fully and fairly develop the record exists even when the claimant is represented by counsel). The ALJ also noted that Dr. Bustamante was not a board certified psychiatrist. [AR at 34.] However, the fact that Dr. Bustamante was not board certified is not a legitimate reason for rejecting his opinion either. *Lester*, 81 F.3d at 833 (rejecting argument that treating physician's opinion as to the claimant's mental functioning could be rejected because the treating physician was not a mental health specialist); *Sprague*, 812 F.2d at 1232. Thus, although Dr. Bustamante's opinion on the ultimate issue of disability was not necessarily conclusive, *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989), his clinical observations are consistent with a conclusion that Plaintiff suffers from a severe mental impairment. *Smolen*, 80 F.3d at 1290 (an impairment or combination of impairments can be found "not severe" only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work). Accordingly, the Court finds that remand is appropriate for the Commissioner to re-evaluate whether Plaintiff is disabled within the meaning of the Act, after giving proper consideration to Dr. Bustamante's opinion.[2]

---

[2] Because the ALJ improperly found that Plaintiff did not suffer from a severe mental impairment and the record is not sufficiently developed to support a determination
(continued...)

## III. CONCLUSION

For the reasons discussed above, the Court finds the ALJ's denial of Plaintiff's claims for benefits is not free of legal error and supported by substantial evidence. Accordingly, Plaintiff's request for an order remanding this case for further proceedings pursuant to Sentence Four of 42 U.S.C. § 405(g) is GRANTED, and the Commissioner's request for an order affirming the Commissioner's final decision and dismissing the action is DENIED. The clerk shall enter judgment, close the file and terminate all pending motions.

DATED:   April 18, 2006           _____/s/ Arthur Nakazato_____
                                                ARTHUR NAKAZATO
                                      UNITED STATES MAGISTRATE JUDGE

---

[2]/ (...continued) of disability without further proceedings, the Court will not decide whether the remaining issue raised by Plaintiff would independently require reversal. *See Bunnell v. Barnhart*, 336 F.3d 1112, 1115-16 (9th Cir. 2003)(where there are outstanding issues that must be resolved before a determination of disability can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate). The Court recommends, however, that the ALJ consider all of Plaintiff's arguments when determining the merits of her case on remand.